# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ISIDRO RAMIREZ HERNANDEZ,**

      **Petitioner,**

**v.**                                                         **Civil Action No. 3:08cv3**
                                                         **(Judge Bailey)**

**PATRICIA SCHMIDT, Department of Homeland Security**

      **Respondent.**

## REPORT AND RECOMMENDATION

On January 3, 2008, the *pro se* petitioner filed a Petition for Writ of Mandamus. On January 14, 2008, the petitioner was granted leave to proceed without prepayment of fees. This case is before the undersigned for a preliminary review and Report and Recommendation.

Pursuant to 28 U.S.C. § 1361, "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." However, the Court's authority to issue a writ of mandamus extends only to the issuance of writs necessary or appropriate in aid of its jurisdiction. 28 U.S.C. § 1651. "The remedy of mandamus is a drastic one, to be invoked only in extraordinary circumstances." Kerr v.United States Dist. Court, 426 U.S. 394, 402 (1976). The propriety of entertaining a petition for writ of mandamus in the federal system is well defined. It may be involved only where three elements co-exist: (1) the petitioner has shown a clear right to the relief sought; (2) the respondent has a clear duty to do the particular act requested by the petitioner; and (3) no other adequate remedy is available. First Federal Savings & Loan Assoc. Of Durham v. Baker, 860 F.2d 135 (4th Cir. 1988). In other words, "[t]he party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his right to such relief is clear and indisputable." In re Beard, 811 F.2d 818, 826 (4th Cir. 1987) (internal quotations omitted).

In this instance, the petitioner has failed to meet this heavy burden. His petition is so unintelligible, that it is impossible to determine even what relief the petitioner is requesting, let alone whether the respondent has a clear duty to perform the task the plaintiff is requesting. Accordingly, the undersigned hereby **RECOMMENDS** that:

(1) the petition for writ of mandamus be **DENIED;** and

(2) the petitioner's pending motions (Docs. 14 and 17) be **DISMISSED**.

Within ten (10) days after being served with a copy of this opinion, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: July 31, 2008

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE